UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| The Estate of John L. McIntyre, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> United States of America, et al., ) <br> ) <br> Defendants. ) | Civil Action No.: 01-10408-RCL |

## PLAINTIFF'S ASSENTED-TO MOTION TO SEAL DOCUMENTS SUBJECT TO THE COURT'S PROTECTIVE ORDER

On March 20, 2006, plaintiff, The Estate of John McIntyre, electronically filed its Opposition to United States' Motion for Summary Judgment. In conjunction with the Opposition, plaintiff seeks to file four (4) exhibits subject to the protective order entered by the Court in the consolidated cases.

In contemplation of discovery in the consolidated matters, the United States filed a Motion for Entry of Protective Order Governing Disclosure of Confidential and Private Information with accompanying Protective Order for the Court's review and approval. On January 16, 2003, the Court approved the Protective Order and it was entered on the Court's docket (docket entry 232).

Pursuant to ¶ 2 of the Protective Order, a party, when producing documents or materials, may designate such documents or materials as "Subject to Protective Order" or "For Attorneys' Eyes Only." Once such a designation is made, pursuant to ¶ 6 of the Protective Order, a party intending to file any document subject to the Protective Order must file such a document in conjunction with a motion to seal.

1

During the course of discovery in these cases, the government has designated the vast majority of documents produced as "Subject to Protective Order" or "For Attorneys' Eyes Only" with the result that nearly every important or relevant document is subject to the Protective Order. Although ¶ 7 of the Protective Order provides a mechanism for objecting to the designation of any material as "Subject to Protective Order" or "For Attorneys' Eyes Only," at the present time, both because certain documents contain confidential information and in the interests of judicial economy, plaintiffs have not challenged such designations nor have they been required to do so under the terms of the Protective Order.[1]

Plaintiff has identified four (4) exhibits relevant to the issues presented that were designated by the government as "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to the Protective Order. These exhibits are:

Exhibit 3:  October 17, 1984 Teletype regarding McIntyre's cooperation with FBI and US Customs Agents;

Exhibit 5:  Quincy Police Department Intelligence Report dated December 7, 1984;

Exhibit 10:  Excerpts from the deposition of Daniel Doherty; and

Exhibit 11:  Five (5) FBI Form 209s.

Exhibits 3, 5 and 11 were marked as exhibits during depositions in these matters and/or were produced by the government in this litigation as governmental records. Exhibit 10 is a deposition transcript designated confidential by the United States. The documents are relevant to certain factual and legal issues raised by plaintiff's Opposition. Under the express terms of the Protective Order, because they have been designated by the government as subject to the

---

[1] Paragraph 7 involves a complicated process for objecting to a designation of a document as confidential. Under the terms of this paragraph, once a document is designated as confidential, it remains confidential until an agreement by the designating party that the document is no longer confidential, or in the absence of such an agreement, by order of the court.

Protective Order, these relevant documents <u>must</u> be filed under seal at the present time even though, in the future, there may be a hearing on the Motion for Summary Judgment in open court.[2]

     Pursuant to Local Rule 7.1(A)(2), on March 20, 2006, Catherine Finnegan, counsel for the United States, advised the United States assents to this Motion.

     WHEREFORE, plaintiff respectfully requests that this Honorable Court:

     a.    Grant the within Motion and permit Exhibits 3, 5, 10 and 11 to plaintiff's to United States' Motion for Summary Judgment be kept <u>under seal</u> until further order of this Court; and

     b.    Grant such further relief as this Court deems necessary and just.

                                                      Respectfully submitted,

                                                      The Estate of John L. McIntyre

DATED:  March 20, 2006

                                                      <u>/s/William E. Christie</u>
William E. Christie, Esquire
Bar No. 566896
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
wchristie@shaheengordon.com

---

[2] In the related criminal matter, <u>United States v. Connolly</u>, 99-10428-JLT, on July 28, 2005, Judge Tauro granted the Boston Globe's Motion to Intervene and to Terminate Sealing Orders concerning Defendant's Motion for a New Trial which unsealed certain documents such as Weeks' DEA-6 that still remains under seal in this matter.  Prior to trial, plaintiff may move to unseal some of the documents and materials subject to the protective order.  However, there may be certain documents the government or the Court determines should remain under seal.  Plaintiff understands that in the related criminal matters, certain documents designated as confidential were entered as sealed exhibits during the course of the proceedings which otherwise took place in open court.  In anticipation of a hearing on the various dispositive motions and trial, plaintiff seeks the Court's guidance regarding how it wishes to address this issue.

4

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Plaintiff's Assented-To Motion to Seal Documents Subject to the Court's Protective Order filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 20, 2006.

DATED:  March 20, 2006            /s/ William E. Christie
                                                      William E. Christie, Esquire
                                                      Bar No. 566896
                                                      Shaheen & Gordon, P.A.
                                                      107 Storrs Street
                                                      P.O. Box 2703
                                                      Concord, NH 03302-2703
                                                      (603) 225-7262
                                                      wchristie@shaheengordon.com

G:\CLIENTS\MCINTYRE\MOTION TO SEAL EXHIBITS TO OPPOSITION TO USA'S MOTION FOR SUMMARY JUDGMENT .DOC